**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| CHARLIE PAYNE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. |
| | § | |
| HYUNDAI CAPITAL AMERICA, | § | |
| | § | |
| Defendant. | § | |

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

CHARLIE PAYNE (Plaintiff), through attorneys, KROHN & MOSS, LTD., alleges

the following against HYUNDAI CAPITAL AMERICA (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227

   *et seq.* (TCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs,

   successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### JURISDICTION AND VENUE

3. Plaintiff's Complaint alleges that Defendant negligently, knowingly and/or willfully

   violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (TCPA).

4. Defendant conducts business in Texas, therefore personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

## PARTIES

6.  Plaintiff is a natural person residing in Dallas, Dallas County, Texas.

7.  Defendant is a business entity with an office in Irvine, California.

8.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9.  Defendant places telephone calls to Plaintiff's cellular telephone at 214-357-21XX and 214-674-28XX.

10. Defendant places telephone calls from phone numbers including, but not limited to, 800-523-7020, 714-369-1890, and 972-590-3602.

11. Per its prior business practices, Defendant's calls were placed with an automated dialing system ("auto-dialer").

12. On June 21, 2013 at approximately 11:18 A.M. Eastern Time, Plaintiff received a call from Defendant at 800-523-7020 and spoke with Defendant's representative.

13. In the course of the telephone conversation on June 21, 2013, Plaintiff requested that Defendant cease placing collection calls to his cell phones and requested that Defendant correspond in writing only.

14. Plaintiff revoked any consent, explicit, implied, or otherwise, to call his cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system during the telephone call on June 21, 2013.

15. Despite Plaintiff's request to cease, Defendant placed at least one hundred and eleven (111) automated collection calls to Plaintiff.

16. Specifically, Defendant called Plaintiff as follows:

- July 8, 2013:  one (1) call at 4:56pm;

- July 9, 2013: two (2) calls at 8:02am and 2:56pm;

- July 10, 2013: one (1) call at 8:07am;

- July 11, 2013: two (2) calls at 8:03am and 6:17pm;

- July 12, 2013: two (2) calls at 8:03am and 1:56pm;

- July 15, 2013: three (3) calls at 8:05am, 1:32pm and 2:34pm;

- July 16, 2013: three (3) calls at 8:13am, 2:13pm and 7:57pm;

- July 17, 2013: one (1) call at 8:06am;

- July 18, 2013: one (1) call at 8:10am;

- July 19, 2013: one (1) call at 8:09am;

- July 22, 2013: one (1) call at 6:41pm;

- July 23, 2013: two (2) calls at 8:02am and 6:58pm;

- July 25, 2013: two (2) calls at 8:00am and 6:52pm;

- July 27, 2013: one (1) call at 10:09am;

- July 29, 2013: two (2) calls at 10:29am and 12:35pm;

- August 2, 2013: four (4) calls at 8:01am, 1:16pm, 1:33pm and 6:50pm;

- August 3, 2013: two (2) calls at 8:06am and 2:34pm;

- August 7, 2013: three (3) calls at 8:05am, 6:22pm and 7:32pm;

- August 9, 2013: two (2) calls at 8:12am and 7:46pm;

- August 10, 2013: two (2) calls at 8:07am and 9:08am;

- August 12, 2013: three (3) calls at 1:53pm, 1:55pm and 7:30pm;

- August 15, 2013: three (3) calls at 6:32pm, 7:18pm and 7:33pm;

- August 16, 2013: two (2) calls at 8:02am and 6:54pm;

- August 20, 2013: one (1) call at 8:04am;

- August 22, 2013: two (2) calls at 6:09pm and 7:13pm;

- September 10, 2013: two (2) calls at 10:09am and 3:53pm;

- September 11, 2013: two (2) calls at 8:03am and 10:05am;

- September 12, 2013: two (2) calls at 8:03am and 8:43pm;

- September 13, 2013: one (1) call at 8:21pm;

- September 17, 2013: one (1) call at 8:07am;

- September 18, 2013: one (1) call at 6:05pm;

- September 19, 2013: two (2) calls at 8:09am and 1:58pm;

- September 20, 2013: three (3) calls at 9:18am, 1:40pm and 2:44pm;

- September 21, 2013: two (2) calls at 8:09 and 9:18am;

- September 23, 2013: one (1) call at 12:45pm;

- September 24, 2013: five (5) calls at 12:03pm, 1:03pm, 1:51pm, 1:52pm and 2:05pm;

- September 25, 2013: one (1) call at 6:07 pm;

- September 26, 2013: two (2) calls at 11:23am and 1:14pm;

- September 27, 2013: two (2) calls at 11:24am and 1:12pm;

- November 2, 2013: one (1) call at 10:53am;

- November 5, 2013: seven (7) calls at 8:06am, 8:06am, 3:26pm, 2:22pm, 4:50pm, 4:52pm and 6:34pm;

- November 6, 2013: one (1) call at 8:10am;

- November 7, 2013: four (4) calls at 6:40pm, 8:05pm, 7:06pm and 8:41pm;

- November 8, 2013: one (1) call at 8:04am;

- November 12, 2013: four (4) calls at 8:07am, 9:10am, 5:22pm and 6:31pm;

- November 14, 2013: one (1) call at 8:03am;

- November 15, 2013: one (1) call at 8:03am;

- November 16, 2013: one (1) call at 8:02am;

- November 18, 2013: one (1) call at 6:04pm;

- November 19, 2013: two (2) calls at 12:14pm and 6:41pm;

- November 20, 2013: two (2) calls at 6:11pm and 7:43pm;

- November 21, 2013: four (4) calls at 12:42pm, 1:00pm, 6:36pm and 7:40pm;

- November 22, 2013: one (1) call at 12:44pm;

- November 23, 2013: one (1) call at 9:46am;

- December 3, 2013: one (1) call at 11:37am;

- December 17, 2013: one (1) call at 2:05pm;

- December 18, 2013: one (1) call at 8:01am;

## COUNT I

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

17. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

18. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

Wherefore, Plaintiff, CHARLIE PAYNE,  respectfully requests judgment be entered against Defendant, HYUNDAI CAPITAL AMERICA for the following:

19. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

20. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

21. All court costs, witness fees and other fees incurred; and

22. Any other relief that this Honorable Court deems appropriate.

Date: January 20, 2013                    RESPECTFULLY SUBMITTED,

By: /s/  Ryan Lee__ _____
Ryan Lee
Krohn & Moss, Ltd
10474 Santa Monica Blvd.
Suite 405
Los Angeles, CA 90025
Tel: 323-988-2400 x241
Fax: (866) 861-1390
Email: rlee@consumerlawcenter.com

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CHARLIE PAYNE, demands a jury trial in this case.